### SPANG et al. v. MARZALL.
### Civ. A. No. 5225-50.

United States District Court
District of Columbia.
March 18, 1952.

Lee L. Townshend, Washington, D. C., for plaintiffs.

E. L. Reynolds, Washington, D. C., for Government.

BASTIAN, Judge.

This is an action under R.S. § 4915, 35 U.S.C.A. § 63, in which the plaintiffs seek to have the Court authorize the Commissioner of Patents to register the trademark "Cube Steak" for machines for tenderizing meat. Plaintiffs claim to be entitled to registration under Section 2(f) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1052(f), which provides in part:

"* * * nothing in this chapter shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce."

The Patent Office refused the registration principally on the ground that the trademark is generic and incapable of distinguishing the goods in commerce and, accordingly, is not distinctive of the goods; that if "Cube Steak" is the generic name of a variety of meat, it is equally the generic name of the machine which makes that variety of meat; that "Cube Steak" indicates a type of meat emanating from many sources and does not function to indicate origin or to distinguish the product of any particular manufacturer or merchant, but one which may readily be procured in any meat market. Thus, the Commissioner concluded, the words "Cube Steak" being generic of a type of meat, they are unregistrable for a machine for making this type of meat.

The principal issue, therefore, is whether or not the words "Cube Steak" are generic of a type or kind of meat or steak. There is language in the Czapar patent (No. 1,991,546) which indicates that the words "Cube Steak" are generic. It is there said that the meat tenderizer is designed to handle certain kinds of steak commonly known as cube or diced steaks. Similar language is found in the Motrinec patent (No. 2,167,051), as the sub-title of that patent reads "a machine to cube steaks."

The plaintiffs contend that the words "Cube Steak" were first used by their predecessor in 1925, and that no one had previously used these words. This is not disputed by the Patent Office and must be accepted as fact. The plaintiffs convincingly proved that they have made great efforts toward policing the words since they and their predecessor started in business over a quarter of a century ago. However, whatever their meaning originally may have been, and regardless of the policing, the words now appear to be identified as the name of the product and not the producer.

In any event, the Court is of the opinion that the plaintiffs have not shown that the general public believes the words indicate a producer and not a product. It may well be that those who are in the trade, i. e., those who use the machine, regard a "Cube Steak" as a steak made by a "Cube Steak Machine", but if the term "Cube Steak" is generic of a type of meat, it is also the generic name of the machine which makes such meat.

The complaint will be dismissed.